On Rehearing.
 

 LAND, Justice.
 

 The rehearing granted in this case was restricted to a review of our original decree, only in so far as we affirmed the judgment of the lower court, dismissing the “call in warranty” of the City of New Orleans, making the New Orleans Public Service, Inc., a party to this suit as a codefendant.
 

 . In our original opinion, we held that, having waived the provisions of the gener
 
 *81
 
 al specifications relative to the finality of the decisions of the city engineer, without the consent or the knowledge of the New Orleans Public Service, Inc., the City of New Orleans, by such waiver, had released the New Orleans Public Service, Inc., from its obligations “of warranty.”
 

 Although able counsel for Public Service, Inc., have so contended, yet the city has not tried this case on t'he theory that the Public Service, Inc., was bound to it by virtue of a “contract of warranty,” such as is defined in article 379 of the Code of Practice: “Personal warranty is that which takes place in personal actions; it arises from the obligations which one has contracted to pay the whole or a part of a debt due by another to a third person.”
 

 Had the city made such contention, it is a familiar doctrine that the warrantor in the codal contract of warranty is released, if the principal obligation is changed, and our original opinion holding that “the City of New Orleans, by such waiver, had released the New Orleans Public Service from its obligations of warranty,” would have been correct and fully sustained by article 379 of the Code of Practice.
 

 But the city’s “call in warranty” is not based upon article 379 of the Code of Practice, but is predicated, as specifically stated in the call, upon the express provisions of section 62 of the Charter of the City of New Orleans, Act No. 159 of 1912, amended, Dart’s La. General Statutes, § 6237, which read as follows: “Whenever any action is brought against the city on a claim on which the city would have a right of action over against another person or corporation,
 
 either upon a contract, bond or other obligation of whatever nature,
 
 the city may in its .answer to such action require such person
 
 or corporation
 
 to be made codefendant therein; and if such right of action on the part of the city over against such person
 
 or corporation
 
 is upon a bond or contract with sureties, the city may also require the sureties on such bond to be made codefendants, in which case it shall attach a copy of such bond or contract to its answer, and thereupon
 
 such codefendants may make any defense to such claim that the city may make, and shall be liable to pay the judgment, if any, rendered against the city and said codefendants, or any of them, and shall be primarily liable on such judgment;
 
 but if
 
 the city
 
 shall at any time pay the whole or any part of such judgment, it shall thereupon, to the extent of such payment,
 
 have and be subrogated to all the rights and remedies against stick codefendants upon such judgment as the plaintiffs have.”
 
 (Italics ours.)
 

 It is clear, therefore, that the city’s call in warranty in this case is not based upon any “contract of warranty” under article 379 of the Code of Practice,
 
 but is purely statutory,
 
 being based upon the express provisions of section 62 of the Charter of the City o.f New Orleans, as amended.
 

 Nor does the
 
 primary franchise obligation
 
 of Public Service, Inc., for paving the neutral ground area in this case arise from contract at all, but it also
 
 is purely statutory,
 
 as clearly shown by the provisions of section 45 (k) of the Charter of the City of New Orleans, section 45 (k) of Act No. 159 of 1912, as amended, Dart’s La. Gen.er
 
 *83
 
 al Statutes, § 6220 (k). This section reads as follows:
 

 “(k)
 
 Obligations of franchise grantee. In the event that an obligation has been heretofore, or may hereafter be imposed upon the grantee of any privilege, right or franchise, under any ordinance of or contract with the city of New Orleans,
 
 to pave, repave, resurface, maintain or repair any part or portion (herein called ‘right of way’) of any street in said city, or to pay all or any part of the city’s cost of paving, repaving, resurfacing, maintaining or repairing such right of way under preexisting laws and ordinances then, whenever the residue of the roadway shall be ordered paved, repaved, resurfaced, maintained or repaired,
 
 the commission council may order the grantee to pave, repave, restirface, maintain or repair its said right of way and may fix the time
 
 within which said paving, repaving, resurfacing, maintenance or repair shall be completed,
 
 and the materials
 
 of which it shall be composed
 
 and the specifications
 
 under which it shall be laid or done,
 
 and such grantee shall comply with the requirements of the commission coimcil within the time specified, and if the grantee fails
 
 to comply with his obligation and the requirements of the commission council within the time specified,
 
 the city may proceed to do the work, by contract or otherwise, and collect the cost thereof from the grantee, with ten per cent per annum interest.”
 
 (Italics ours.)
 

 The obligation of the Public Service, Inc., to pave, resurface, etc., its right of way, as the grantee of a franchise to operate its street railway in the streets of the City of New Orleans,
 
 is a compulsory, and not a mere voluntary or conventional, obligation.
 
 By section K of the city charter, all matters as to time, material, and specifications are left primarily and entirely in the hands of the City of New Orleans,
 
 as principal,
 
 and clearly the right to make and enforce its contract with the Public Service, Inc., as to the paving to be done by it, is the exercise by the City of New Orleans of governmental power and function.
 

 As the City of New Orleans is the only authority under section K of its charter which can make such specifications, necessarily it is the only authority that can change or modify them, and the consent or knowledge of the franchise grantee is, therefore, not necessary. We are dealing here with a
 
 public
 
 contract affecting
 
 public
 
 streets and
 
 public
 
 neutral ground area in the City of New Orleans, and not with
 
 private
 
 conventional agreements between
 
 private
 
 parties, dependent upon their consent as to any change or modification in their terms that may be made. If a franchise grantee could object to the specifications made by the City of New Orleans, or could demand modifications in them, at will, or could claim release from its obligation because the city had modified them, without its consent, it is manifest that a municipal corporation would be powerless to enforce
 
 the primary franchise obligations
 
 of the grantee, for the protection of the city and the public. It is not only provided, under section K of its charter, that
 
 these primary franchise obligations shall be enforced;
 
 but it is reiterated and also provided that the codefendant made a party under section 62 of the city charter, as the
 
 *85
 
 Public Service, Inc., is in this case,
 
 shall be primarily bound
 
 to pay the judgment rendered against the city.
 

 It is elementary that the City of New Orleans, by no act or course of conduct upon its part, can release, or be permitted to release,
 
 the primary obligation of a franchise
 
 grantee, as such act or conduct would be clearly contrary to public policy, ultra vires, illegal, and null.
 

 2. In its answer to the call in warranty of the city, the New Orleans Public Service, Inc.,
 
 judicially admits
 
 that it
 
 "agreed
 
 with the City that it would pay
 
 for its share of all of the work
 
 performed on the neutral ground of Canal Street, by making direct payment to the contractor,” and, if the city is entitled to any judgment against it, it further
 
 judicially admits
 
 as due the sum of $17,464.17 with interest. Tr., p. 23. (Italics ours.)
 

 The obligations of the Public Service, Inc., to the city were liquidated and fixed .by these judicial admissions, irrespective of whether its franchise obligations were greater or less.
 

 In the face of such admissions, the Public Service, Inc., could not have sought in the lower court to prove that its franchise obligations were less, nor could it do so, if the case were remanded, as insisted upon by its able counsel.
 

 3. The contention that plaintiffs cannot recover against codefendant, Public Service, Inc., because there is no privity of contract between plaintiffs and Public Service, Inc., as it did not sign the city’s contract with plaintiffs, is without merit,
 
 since the primary liability of codefendant
 
 is fixed by section 62 of the Charter of the City of New Orle-ans, and is therefore
 
 statutory.
 

 There is no primary judgment in favor of the city in this case, to be controlled by the city as to its execution. If codefendant, Public Service, Inc., is cast in this suit, the judgment will be in favor of the plaintiffs and against the city and codefendant, Public Service, Inc., and codefendant is made, under section 62 of the charter of the city,
 
 "primarily
 
 liable on such judgment.”
 

 The right of the city, under this section of its charter, is that of
 
 subrogation against codefendant
 
 “to all the rights and remedies upon such judgments
 
 as plaintiffs have"
 
 and to .be relieved, pro tanto, if the city shall at any time pay the whole or any part of such judgment.
 

 The plaintiffs are the sole owners of the judgment in this case. Codefendant, Public Service, Inc.,
 
 is primarily liable
 
 on such judgment, and has
 
 judicially
 
 admitted, in its answer to the city’s call in warranty, that if cast in this suit, codefendant, Public Service, Inc.,
 
 had agreed with the city
 
 “to make payment
 
 direct
 
 to the contractor,” in the sum of $17,464.17, as the amount due by codefendant to the city for all work performed on the neutral ground area in Canal street. Tr., p. 23.
 

 Plaintiffs are therefore entitled to judgment directly against codefendant, Public Service, Inc.; the City of New Orleans is entitled to its right of subrogation; and to have the judgment of plaintiffs against the city relieved, pro tanto, upon payment by codefendant, Public Service, Inc., of the
 
 *87
 
 judgment in favor of plaintiffs against the codefendant.
 

 It would not have been possible in this case for the city to have held the Public Service, Inc., for its share of the paving, had not the Public Service, Inc., been bound by its franchise obligations to pay for same; and it is clear that the “arrangement” of the Public Service, Inc., with the city, whereby the city would include the neutral ground in the general contract and the Public Service, Inc., would pay the cost thereof,
 
 was induced
 
 by its franchise obligations. The city at the very inception of the case has taken this position, and it is not by any means a new matter or issue raised for the first time on rehearing. See City’s Supplemental Brief on Rehearing, pp. 6 and 7.
 

 For these reasons, our conclusion is that the call in warranty of the City of New Orleans must be maintained, and our original decree must be amended.
 

 The judgment of the civil district court for the parish of Orleans, affirmed by our original decree, reads as follows:
 

 “It is ordered, adjudged and decreed that there be judgment in favor of H. W. Bond & Brother and Caldwell Bros., and against the City of New Orleans, in the full sum of Twenty Nine Thousand Eight Hundred and ninety-two and 61/100 Dollars, together with interest at 5% per annum on $18,739.32 from April 23, 1930 until paid, and on $11,153.29 from November 14, 1930 until paid.
 

 “It is further ordered, adjudged and .decreed that there be judgment herein in favor of the New Orleans .Public Service, Inc., and against the City of New Orleans on its call in warranty, dismissing the suit on the call in warranty of the said City of New Orleans against the New Orleans-Public Service, Inc.”
 

 It is now ordered, adjudged, and decreed' that our original decree affirming the judgment appealed from be so amended as to. read as follows:
 

 It is further ordered, adjudged, and decreed that there be judgment against the New Orleans Public Service, Inc., as co-defendant, and in favor of H. W. Bond & Brother and Caldwell Brothers in the sum of $17,464.17, with 5 per cent, per annum interest from judicial demand until paid;, with the provision that the payment of such judgment by the said New Orleans. Public Service, Inc., to the said H. W. Bond & Brother and Caldwell Brothers shall pro tanto relieve the City of New Orleans, to the extent of said payment, upon the judgment heretofore rendered against the City of New Orleans and in favor of H. W'. Bond & Brother and Caldwell Brothers in these proceedings; and with the further proviso that, should the City of New Orleans pay that proportion due H. W. Bond & Brother and Caldwell Brothers by the New Orleans Public Service, Inc., as set out in this decree, then and in that event the City of New Orleans shall be subrogated to all the rights of H. W. Bond & Brother and Caldwell Brothers in and to the judgment rendered herein in their favor against the New Orleans Public Service, Inc.
 

 It is further ordered, adjudged, and decreed that our original decree, as amended, be made the final judgment of this court, and that the costs of court be paid-by the
 
 *89
 
 ■City of New Orleans and the New Orleans Public Service, Inc., in the proportions of the respective judgments as set out in this ■decree.
 

 Right to apply for rehearing is reserved to Public Service, Inc.
 

 ROGERS, J., concurs in the decree.
 

 ODOM, J., dissents, being of the opinion that the original decree should be reinstated.
 

 O’NIELL, C. J., is of the opinion that the •decree rendered originally by this court, affirming the judgment appealed from, on the question of warranty, is correct.